◼ In the Matter of COMMUNITY NETWORK SERVICE, INC., Appellant, v NEW YORK STATE DEPARTMENT OF PUBLIC SERVICE et al., Respondents. [786 NYS2d 260]—

Crew III, J.P. Appeal from a judgment of the Supreme Court (Teresi, J.), entered February 24, 2003 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the Public Service Commission finding, inter alia, that it did not have jurisdiction to review petitioners' refund claim under a Federal Communications Commission tariff.

Petitioner is a New York corporation engaged in the business of reselling local and long-distance telephone service. In 1994, petitioner entered into a contract with respondent Verizon New York, Inc. to purchase 2,475 lines of Intellipath II Centrex Service. One of the features of Centrex Service was Automatic Route Selection, which would have allowed petitioner to transfer all of its customers' long-distance calls automatically and directly to dedicated T-1 lines (also purchased by petitioner), bypassing the originating local telephone company. Petitioner and Verizon disagree as to the reasons therefor, but there does not appear to be any dispute that petitioner ultimately was unable to utilize the Automatic Route Selection service and, hence, the dedicated T-1 lines.

Although the parties reached a partial settlement of their resulting billing dispute in 1996, petitioner thereafter filed a complaint with respondent Department of Public Service, which assigned a staff member from the Public Service Commission (hereinafter PSC) to attempt to resolve the outstanding issues. Ultimately, the staff member concluded that although petitioner indeed was entitled to a refund for, among other things, the T-1 line charges, she was unable to order such refund because the T-1 lines had been purchased under a Federal Communications Commission (hereinafter FCC) tariff and, thus, fell under the FCC's jurisdiction.

Petitioner thereafter appealed the Department's determination as to the PSC's jurisdiction over the T-1 line dispute and an informal hearing ensued. By decision dated May 18, 2000, the Hearing Officer, after noting that petitioner had acknowledged that the T-1 lines were purchased under an FCC tariff, agreed that the PSC lacked jurisdiction to order the requested refund. Petitioner thereafter appealed the Hearing Officer's decision to the PSC, which, in May 2002, held, insofar as is relevant to this appeal, that petitioner made a conscious decision to purchase the T-1 lines under a federal rather than state tariff and, as such, any request for relief in this regard rested with the FCC.

Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to challenge the PSC's determination. Following joinder of issue, Supreme Court dismissed petitioner's application finding, inter alia, that petitioner conceded during the administrative hearing that the T-1 lines were governed by an FCC tariff and, hence, petitioner waived any objection as to the now asserted lack of proof in that regard. Supreme Court went on to conclude that, inasmuch as petitioner's refund claim was based solely upon an FCC tariff, the PSC's determination that it lacked jurisdiction over such claim was not arbitrary or capricious. This appeal by petitioner ensued.

We affirm. Although petitioner now contends otherwise, even a cursory review of the record on appeal reveals that petitioner repeatedly acknowledged—before, during and after the course of the underlying hearing—that Verizon billed the T-1 lines as an interstate service, which, in turn, is regulated by the FCC and governed by the FCC tariff. Indeed, petitioner's informal hearing submission dated October 14, 1998, which directly challenged the Department's initial determination that the T-1 lines were purchased under an FCC tariff, states, "All parties were aware, early in the proceeding, that one of the complaint items was sold under an FCC tariff." In fact, the record reflects that the crux of petitioner's argument on this point at the informal hearing was not the manner in which the T-1 lines had been purchased and billed but, rather, what it viewed as Verizon and/or the Department's belated assertion that the PSC lacked jurisdiction to order the requested refund. Stated another way, the fact that the T-1 lines were purchased under an FCC tariff appears to have become an issue for petitioner only after it became apparent that no refund would be forthcoming.* Even without these acknowledgments and concessions, the remaining evidence in the record, including the documentation contained in the supplemental record on appeal, provides a rational basis for the PSC's determination that the T-1 lines at issue were governed by a federal tariff.

As for petitioner's claim that the PSC nonetheless has jurisdiction over the T-1 line dispute and, hence, the authority to issue the requested refunds, suffice to say that we have reviewed each of petitioner's arguments on this point and find them to be lacking in merit. Accordingly, Supreme Court's judgment dismissing petitioner's application is affirmed.

Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

 * Notably, while awaiting the Hearing Officer's decision following the informal hearing, counsel for petitioner wrote, "Since the role of the FCC tariff was acknowledged for all participants early in the investigation, and the investigation proceeded without [Verizon] making any jurisdictional objection, [petitioner] was surprised and dismayed by [the Department's initial determination]."